UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID STANLEY** | **CIVIL ACTION NO. 6:22-CV-1655** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **SCOTT MORGAN, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## JUDGMENT

Before the Court is the REPORT AND RECOMMENDATION ("R&R") of the Magistrate Judge previously filed herein [Doc. 25] making recommendations as to the Motion to Dismiss or Motion to Stay under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (the "Motion") [Doc. 9] filed by Defendants. The R&R recommends that the Motion should be granted on the grounds of liberative prescription and denied to the extent Defendants seek an award of attorneys' fees. [Doc. 25, p. 20].

Plaintiff filed a timely objection to the R&R on February 16, 2023 [Doc. 28] asserting that Plaintiff's 42 U.S.C. §1983 claim (the "§1983 claim") was timely filed because: (i) Plaintiff's cause of action did not accrue until February 9, 2022; and (ii) Plaintiff's state court pleadings interrupted prescription. [Doc. 28, pp. 15, 21-26]. Defendants Scott Morgan, Wayne Griffin, Thomas Glover, and Monte Potier, each in his individual capacity, as well as the City of Lafayette/Lafayette Consolidated Government (collectively, "Defendants") filed a Response to the Plaintiff's objections, arguing that the filing of Plaintiff's state court Petition did not interrupt prescription in the instant federal case, because the Plaintiff did not pursue a §1983 claim or seek monetary damages in the state court proceeding. [Doc. 29]. Furthermore,

Defendants argued that, even if this Court were to find that prescription *was* interrupted, prescription commenced running again on May 10, 2021. Defendants argue that because the Plaintiff did not file the instant lawsuit until June 14, 2022, Plaintiff's §1983 claims are prescribed.

On March 8, 2023, the Court STAYED this matter pending resolution of a certified question submitted to the Louisiana Supreme Court by the United States Fifth Circuit Court of Appeals in *Kling v. Hebert*, 60 F.4th 281 (5th Cir. 2023).[1] In *Kling*, the Fifth Circuit certified the following question: "In Louisiana, under what circumstances, if any, does the commencement of a suit in a court of competent jurisdiction and venue interrupt prescription as to causes of action, understood as legal claims rather than the facts giving rise to them, not asserted in that suit?" *Kling v. Hebert*, 60 F.4th 281, 288 (5th Cir. 2023). *See also* La.C.C. art. 3462.[2] On January 26, 2024, the Louisiana Supreme Court answered the question as follows: "[P]rescription is interrupted when notice is sufficient to fully apprise the defendant of the nature of the claim of the plaintiff, and what is demanded of the defendant." *Kling*, 2024 WL 301830, *1 (La. 1/26/24). The Court lifted the stay in the instant case on January 29, 2024. [Doc. 33].

On January 30, 2024, Defendants filed a Supplemental Response to Objection, arguing that the Louisiana Supreme Court's interpretation of interruption of

---

[1]  The Louisiana Supreme Court accepted the certified question on April 18, 2023. *See Kling v. Hebert*, 359 So.3d 499 (La. 2023).

[2]  Article 3462 provides in relevant part that "[p]rescription is interrupted ... when the oblige commences action against the obligor, in a court of competent jurisdiction and venue." *Kling v. Hebert*, 2023-00257 (La. 1/26/24)

2

prescription under Article 3462 comports with the magistrate judge's findings and conclusions in the R&R. The Court agrees, finding that because the Plaintiff's state court lawsuit sought solely injunctive relief, and because the Plaintiff alleges a §1983 claim and seeks monetary relief in the instant case, no interruption of prescription occurred. Consequently, Plaintiff's §1983 claims are prescribed.

Thus, for the reasons assigned in the REPORT AND RECOMMENDATION of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the objections filed, and further considering the Louisiana Supreme Court's answer to the certified question posed by the Fifth Circuit in *Kling v. Hebert*, 2024 WL 301830, *1 (La. 1/26/24),

IT IS ORDERED that the Motion to Dismiss or Alternatively, Rule 12(b)(1) Motion to Dismiss or Stay filed by Defendants, Scott Morgan, Wayne Griffin, Thomas Glover, and Monte Potier, all individually, and the City of Lafayette/Lafayette Consolidated Government ("LCG") [Doc. 9] is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED on grounds of prescription, and Plaintiff's claims are DENIED AND DISMISSED WITH PREJUDICE AS PRESCRIBED. The Motion is DENIED to the extent Defendants seek an award of attorneys' fees under §1988(b).

THUS DONE AND SIGNED at Lafayette, Louisiana, this the 1st day of February, 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

3